UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ANDREW MOSS,

          *Petitioner*,

  -against-

JOHN COLVIN, Superintendent of Mid-State Correctional Facility,

          *Respondent.*

-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-18-15

14 Civ. 2331 (PAC) (JCF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    On April 3, 2014, Petitioner Andrew Moss ("Petitioner" or "Moss") filed a 28 U.S.C. § 2254 petition challenging his conviction in Supreme Court, New York County, for the criminal sale of a controlled substance in the third degree. The conviction was affirmed on appeal. As he did in his appeal, Moss contends that his Sixth Amendment right to a public trial was violated when the trial judge closed the courtroom to the public during the testimony of an undercover police officer. On August 4, 2014, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("R & R"), recommending that the petition be denied. Moss filed timely objections. For the following reasons, the R & R is adopted and the petition is denied.

1

## BACKGROUND

Moss was arrested on July 21, 2007 for selling crack cocaine to an undercover police officer near West 135th Street and Broadway in Manhattan. The trial judge, Justice Daniel Fitzgerald, held a *Hinton* hearing to evaluate the prosecution's motion to close the courtroom to the public during the trial testimony of two undercover officers involved in the arrest. At the hearing, the prosecution argued that closing the courtroom during the officers' testimony was necessary to preserve the safety and continued effectiveness of the officers. Undercover Officer 2454 testified at the hearing that he had made numerous arrests in the relevant area, had pending cases in the area with "lost subjects" or defendants out on bail, had received threats before, at times shopped and walked around the area with his family while off duty, and had been concealing his identity when entering the courthouse.[1]

Towards the end of the *Hinton* hearing, Justice Fitzgerald opened the argument up to counsel, saying, "On the two undercovers I'll hear from you if there's anything further you wish to say. My position at the moment tentatively unless someone disabuses me of it, then enough has come out so that I will keep the general public out when these two undercovers testify" at trial. *See* Ex. 1 to Pet., H. Tr. at A72-73. Defense counsel responded, suggesting several alternatives to closing the courtroom. *Id.* at A76-77. Justice Fitzgerald then ruled that he would close the courtroom, but allow Moss's mother to observe, and would decide whether to allow other family members on a case-by-case basis. *Id.* at A82-83.

---

[1] Moss challenges only the courtroom closure findings with respect to one of the two undercover officers who testified. Pet. at 6 n.2.

Moss was then convicted at trial of one count of criminal sale of a controlled substance in the third degree. He appealed, arguing that his Sixth Amendment right to a public trial was violated when the courtroom was closed during the testimony of the undercover officer. Moss argued that the prosecution had failed to provide an overriding interest likely to be prejudiced in the absence of closure, and that the trial court erred by not considering reasonable alternatives to closure. On November 22, 2011, the Appellate Division affirmed his conviction, *People v. Moss*, 933 N.Y.S.2d 258 (N.Y. App. Div. 1st Dep't 2011), and on April 30, 2013, the Court of Appeals affirmed the conviction, *People v. Echevarria*, 21 N.Y.3d 1 (N.Y. 2013). In *Echevarria*, the Court of Appeals held that "on the record before us, it is fair to imply that the trial courts concluded that no lesser alternative would have adequately protected the officers' safety." *Id.* at 19. The Supreme Court denied certiorari on December 13, 2013, *Moss v. N.Y.*, 134 S. Ct. 823 (2013). In Moss's section 2254 petition, he makes the same argument that he has been deprived of his Sixth Amendment right to a public trial.

I. **Standard of Review**

A. **Report and Recommendation**

A federal district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no objections have been made, the Court may adopt the Report as long as it is "not facially erroneous." *Toto, Inc. v. Sony Music Entm't*, 2013 WL 163826, at *1 (S.D.N.Y. Jan. 15, 2013). Contested portions of an R & R are reviewed by the district court *de novo*. 28 U.S.C. § 636(b)(1). When the objections raised simply reiterate the parties' original arguments, however, the Court reviews the R & R for clear error. *Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, 2006 WL 587483, at *1 (S.D.N.Y. Mar. 8, 2006).

**B.   Section 2254**

A state prisoner who believes his federal rights were violated by his conviction may seek relief by petitioning a federal court for a writ of habeas corpus. 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition may be granted where the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d). The federal court must also give a presumption of correctness to the state court's determination of factual issues, and the petitioner may only overcome this presumption by clear and convincing evidence. *Id.* § 2254(e)(1). Section 2254 "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal," *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal citations and quotation marks omitted), and the AEDPA standard "was meant to be difficult" to meet, *Byrd v. Evans*, 420 F. App'x 28, 30 (2d Cir. 2011) (citing *Harrington*, 562 U.S. at 102). In order for a petition under section 2254 to be granted, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### C. Sixth Amendment Right to a Public Trial

The Sixth Amendment gives all criminal defendants the right to a "speedy and public trial." U.S. Const. amend. VI. Whether a defendant's Sixth Amendment right to a public trial has been violated by the closure of a courtroom depends on four factors: (1) whether the party seeking closure has advanced an overriding interest that is likely to be prejudiced absent closure; (2) whether closure was no broader than necessary to protect that interest; (3) whether the trial judge considered reasonable alternatives to closing the proceeding; and (4) whether the trial judge made sufficient findings to support the closure. *Waller v. Georgia*, 467 U.S. 39, 48 (1984); *see also Presley v. Georgia*, 558 U.S. 209, 214 (2010) ("[T]rial courts are required to consider alternatives to closure even when they are not offered by the parties.").

## II. Objections

The Court notes that only Moss's petition is before the Court, and the Court does not assess the reasonableness of the Court of Appeals' decision with respect to Echevarria or Johnson, the other defendants whose appeals are addressed in *Echevarria*.

Petitioner first argues that Magistrate Judge Francis "fail[ed] to address, and to then reject, the central premise of the New York Court of Appeals' decision in this case on the constitutional requirement that a trial court must consider reasonable alternatives to closure before closing a criminal trial to the public." Objections at 1-5. Petitioner points to the R & R's statement that "[w]hatever the validity of the Court of Appeals' interpretation of *Presley*, it is apparent that [state trial] Justice Fitzgerald both considered the alternatives suggested by the petitioner's counsel and adopted a portion of them as an alternative to full closure." *Id.* at 2-3; R & R at 12-13. But Magistrate Judge Francis's decision not to weigh in on the validity of the

Court of Appeals' rationale, and to focus only on the outcome of the case as it pertained to Moss, was not erroneous.

A federal court's review of a state court's determination "look[s] to the result of a state court's consideration of a criminal defendant's claim . . . . [D]eficient reasoning will not preclude AEDPA deference . . . at least in the absence of an analysis so flawed as to undermine confidence that the constitutional claim has been fairly adjudicated." *Watson v. Greene*, 640 F.3d 501, 512 (2d Cir. 2011) (quoting *Cruz v. Miller*, 255 F.3d 77, 86 (2d Cir. 2001)) (internal alterations omitted). Here, Magistrate Judge Francis evaluated the constitutionality of the outcome in the context of the trial record, and chose not to speak to the propriety of the Court of Appeals' broader reasoning. Magistrate Judge Francis's examination is especially reasonable in the situation here, where the Court of Appeals' decision ruled on three simultaneous appeals. *Echevarria* addresses appellate issues raised by defendants not presently before the Court, and Magistrate Judge Francis's limited consideration of the constitutionality of *Echevarria*'s result with respect to Moss was proper. The Court agrees with Magistrate Judge Francis, and finds that the record reflects that Moss's Sixth Amendment rights were not violated. While Petitioner's first objection also raises the argument that *Echevarria* violates the Supreme Court's holdings in *Presley v. Georgia*, 558 U.S. 209 (2010) and *Press Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501 (1984), Objections at 3-5, Petitioner raises this argument twice in his objections, and the Court will address it below.

Moss next objects to Magistrate Judge Francis's "finding that the state trial court 'solicit[ed] alternatives' to closure from the parties" and argues that Magistrate Judge Francis was "mistaken" because nothing the trial judge said could be considered a solicitation of alternatives. Objections at 5-8. But the version of events proffered by Petitioner borders on

6

illogical. Petitioner would have the Court believe that Justice Fitzgerald did not intend for the attorneys to suggest alternatives to closure when he asked for them to speak, ignored the alternatives that were suggested, and then simply ruled without having listened to the previous colloquy. This is nonsense.

After requesting suggestions (and the Court notes that whether Justice Fitzgerald solicited the suggestions or not is irrelevant, because such suggestions were made on the record), Justice Fitzgerald listened to the suggestions and considered them, but declined to adopt them. On the record, Justice Fitzgerald chose not to adopt the suggestion from Petitioner's trial counsel that a court officer be posted at the courtroom door who would stop "suspicious [people or people] of a dubious background who want[] to come in." H. Tr. at A77. Justice Fitzgerald found that the safety and effectiveness risks in this situation were too great for such an alternative—he did not simply fail to consider them. As Chief Judge Lippman characterized this holding in his concurrence, this consideration of alternatives was "not a litany, but a particularized deliberation of a case-specific alternative," 989 N.E.2d 9, 25, and one that was constitutionally sound.

Petitioner next objects to Magistrate Judge Francis's finding that allowing Moss's family, on a case-by-case basis, to enter the courtroom constituted consideration of a reasonable alternative. Objections at 8-11. Having determined that Justice Fitzgerald considered reasonable alternatives separate and apart from the consideration of family attendance, the Court need not consider this issue in order to adopt the recommendation to deny the petition. The Court notes, however, that courts in this Circuit have found that closures that allow family members constitute partial closures, and partial closures are examined under a less stringent standard. *See Mickens v. Larkin*, 2014 WL 414013, at *9 (S.D.N.Y. Feb. 4, 2014) (citing cases).

Next Petitioner objects to Magistrate Judge Francis's finding that the Court of Appeals' decision in *Echevarria* was not contrary to, nor an unreasonable application of, clearly established federal law. Objections at 11-13. Petitioner argues that *Echevarria* was contrary to federal law as established by *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501 (1984) and *Presley v. Georgia*, 558 U.S. 209 (2010), in holding that the Court of Appeals could "imply that the trial courts concluded that no lesser alternative would have adequately protected the officers' safety." *Id.* at 11. Petitioner asserts that because *Press-Enterprise*, which addressed the right to a public trial under the First Amendment, held that the "trial court's orders denying access to voir dire testimony failed to consider whether alternatives were available," and because the Supreme Court in *Presley* quoted this language, clearly established federal law requires that a trial judge consider alternatives to closure in an order on the record. But here, with respect to Moss, where the trial judge did consider alternatives on the record, the Court cannot find that the Court of Appeals' decision as to Moss was contrary to, or an unreasonable application of, clearly established federal law.

Finally, Petitioner objects to Magistrate Judge Francis's acceptance of the Court of Appeals' holding that "the record amply supports the trial court's determination that a specific link existed between the officer's safety and his open court testimony," and "the facts support the State's overriding interest in maintaining the effectiveness" of the officer. Objections at 14-18; R & R at 10-11 (quoting *Echevarria*, 21 N.Y.3d at 14). This is unquestionably a rehashing of the original arguments raised in the petition, *see* Pet. at 11-13, Pet. Mem. at 22-28, and so the Court reviews this portion of the R & R for clear error. *See Borrero v. Colvin*, 2015 WL 1262276, at *1 (S.D.N.Y. Mar. 19, 2015) ("When a party . . . reiterates original arguments, . . . the court will only review the magistrate's report for clear error."). Magistrate Judge Francis found that "[t]he

8

facts in this case support the Court of Appeals' conclusion regarding UC 2454's safety concerns. . . . [B]ecause Justice Fitzgerald based his decision on the risk to the officer's effectiveness and on concern for the officer's safety, the first prong of the *Waller* test was fulfilled." R & R at 10-11 (citation omitted). Finding no error in this determination, the Court rejects this objection.

### III.    Certificate of Appealability

Petitioner requests a certificate of appealability because it is "clearly debatable" whether *Echevarria* is consistent with *Presley*, and whether allowing family members in a closed proceeding constitutes a reasonable alternative to closure. Objections at 18-20. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a finding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner" or the "issues presented [are] adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted). Here, the Court does not believe that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *Contant v. Sabol*, 987 F. Supp. 2d 323, 335 (S.D.N.Y. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Accordingly, the Court will not issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, Moss's petition is denied, as is his request for a certificate of appealability. The Clerk of Court is directed to enter judgment and to close this case.

Dated: New York, New York
      June 18, 2015

SO ORDERED

*/s/ Paul Crotty*

PAUL A. CROTTY
United States District Judge